Appeal of **J. R. STEBBINS ET AL.,**        Docket No. 558.
Administrators of the Estate of
**GRACE SEWALL STEBBINS,** Deceased.

Submitted March 30, 1925; decided May 20, 1925.

*Arthur B. Foye, Esq.*, and *H. W. Ellis, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before MARQUETTE, SMITH, and TRUSSELL.

This appeal is from a deficiency of less than $10,000 in estate tax. The only question in issue is the valuation of certain shares of stock owned by the decedent at the date of her death. From the oral and documentary evidence introduced the Board makes the following

#### FINDINGS OF FACT.

The decedent died January 10, 1921, and included in the inventory of her estate were 114¼ shares of the capital stock of The Bagley & Sewall Company, the capital stock of the company at that time being all of one class. The shares of stock were inventoried in the return, which was filed for the purposes of the estate tax, at $1,000 per share.

The Bagley & Sewall Company was organized in 1882. It was a manufacturer of heavy paper-making machinery. It also did a general machine shop business. The outstanding stock at the date of the death of the decedent and for many years prior thereto consisted of 1,000 shares of common stock of a par value of $100 per share. There was no preferred stock and the company was free from bonded indebtedness. The current indebtedness at the date of the death of the decedent was almost negligible. The machines which the company manufactured were not of any standard size or type but were built only upon special orders from a customer. The system followed was to demand payment of a considerable amount of the total purchase price before making delivery.

By the beginning of the war period in 1914 the company had accumulated a surplus of approximately $1,047,000. During the war period and up to the date of the death of the decedent large and consistent profits were made. The volume of sales increased from $440,867.38 in 1915 to $2,224,665.85 in 1920, and the profits from $96,815.74 to $470,849.51.

At the date of the death of the decedent the company had just completed the most prosperous year in its history. Its sales and profits had broken all previous records. Its holdings in cash, bonds, and accounts receivable aggregated $1,270 per share. The number of paper machines for which contracts were taken for the years August 1, 1913, to December 28, 1919, was 29, or a yearly average of 4.4. Contracts for the manufacture of fifteen paper machines were made by the company during the year 1920, the latest of those contracts being dated August 26, 1920, and the selling price for the fifteen machines covered by such contracts amounted to $4,030,551.80. The billing of the sale of these fifteen paper machines was entered on the books at the time the contracts were completed as follows, and the net profits resulting therefrom were included in the earnings for such years:

| | |
|---|---:|
| During the year 1920 | $330, 661. 00 |
| During the year 1921 | 1, 821, 084. 80 |
| During the year 1922 | 1, 643, 507. 00 |
| Not yet billed | 235, 299. 00 |
| Total | 4, 030, 551. 80 |

No sales of the shares of stock of The Bagley & Sewall Company were made from January 1, 1917, to February 7, 1925. The balance sheets of the corporation at December 31, 1917, December 28, 1918, December 28, 1919, and December 31, 1920, show as follows:

|  | Dec. 31, 1917. | Dec. 28, 1918. |
|---|---|---|
| ASSETS. | | |
| Property accounts | $893,390.69 | $922,520.02 |
| Investments: | | |
| Stocks, bonds, etc | 2,716.30 | 1,330.00 |
| Liberty bonds | 222,000.00 | 167,400.00 |
| Inventories | 546,985.05 | 721,182.08 |
| Current assets: | | |
| Cash on hand and in bank | 30,873.90 | 130,272.16 |
| Accounts receivable | 395,466.30 | 229,499.10 |
| Notes receivable | 12,557.50 | 3,670.00 |
| Deferred charges | 6,022.29 | 16,852.78 |
| Total | 2,110,012.03 | 2,192,726.14 |
| LIABILITIES. | | |
| Current liabilities: | | |
| Notes and accounts payable | 26,993.44 | 21,957.23 |
| A. Bagley estate collections on uncompleted contracts | 236,422.90 | 233,584.50 |
| Due on Liberty bonds | 120,000.00 | 128,250.00 |
| Reserve for depreciation | 101,892.99 | 134,707.94 |
| Other reserves | 16,081.78 | 28,241.80 |
| Capital stock | 100,000.00 | 100,000.00 |
| Surplus | 1,508,620.92 | 1,545,984.67 |
| Total | 2,110,012.03 | 2,192,726.14 |

|  | Dec. 28, 1919. | Dec. 31, 1920. |
|---|---|---|
| ASSETS. | | |
| Property accounts | $1,169,207.87 | $1,479,523.40 |
| Investments: | | |
| Stocks, bonds, etc | 1,330.00 | 1,330.00 |
| Liberty bonds | 174,800.00 | 7,950.00 |
| Inventories | 841,827.32 | 1,388,208.71 |
| Current assets: | | |
| Cash on hand and in bank | 186,561.77 | 721,922.16 |
| Accounts receivable | 210,282.88 | 518,421.43 |
| Notes receivable | 11,820.10 | 31,988.00 |
| Deferred charges | 15,704.35 | 15,759.98 |
| Total | 2,611,534.29 | 4,165,103.68 |
| LIABILITIES. | | |
| Current liabilities: | | |
| Notes and accounts payable | 14,835.69 | 82,643.02 |
| A. Bagley estate collections on uncompleted contracts | 398,317.77 | 1,681,745.65 |
| Due on Liberty bonds | 144,450.00 |  |
| Reserve for depreciation | 165,948.59 | 206,415.82 |
| Other reserves | 42,375.98 | 27,843.42 |
| Capital stock | 100,000.00 | 100,000.00 |
| Surplus | 1,745,606.26 | 2,066,455.77 |
| Total | 2,611,534.29 | 4,165,103.68 |

The sales, net earnings, and dividends paid by the company for the years 1912 to 1920, inclusive, were as follows:

|  | Sales. | Net earnings. | Dividends. |
|---|---|---|---|
| 1912 | $640,671.52 | $57,925.00 | $30,000.00 |
| 1913 | 607,539.79 | 4,107.83 | 20,000.00 |
| 1914 | 382,138.33 | 13,726.32 | 32,000.00 |
| 1915 | 440,867.38 | 96,815.74 | 31,000.00 |
| 1916 | 990,372.99 | 268,537.80 | 60,000.00 |
| 1917 | 1,436,033.91 | 313,591.09 | 130,000.00 |
| 1918 | 1,196,059.92 | 237,363.75 | 200,000.00 |
| 1919 | 1,280,013.32 | 198,621.59 | 150,000.00 |
| 1920 | 2,224,665.85 | 470,849.51 | 150,000.00 |

### DECISION.

The deficiency should be determined in accordance with the following opinion. Final decision of the Board will be settled on consent or on seven days' notice, in accordance with Rule 50.

### OPINION.

SMITH: The only question presented by this appeal is the valuation of 114¼ shares of the capital stock of The Bagley & Sewall Company owned by Grace S. Stebbins at the date of her death, January 10, 1921. In the estate-tax return filed for the estate the shares of capital stock were valued at $1,000 per share. The Commissioner has increased this valuation to $1,725 per share.

There have been no sales of the shares of stock of The Bagley & Sewall Company for many years, either prior or subsequent to the date of the death of the decedent. The stock is closely held. The only criteria for the determination of the value of the stock are given in the findings of fact. The company had been conservatively managed over a long period of years, and less than one-half of the average net earnings had been paid out in dividends. The book value of the shares of stock at December 28, 1919, was $1,845.61, and at December 31, 1920, $2,166.46.

The Commissioner determined the value of the shares of stock at January 10, 1921, from a consideration of many facts. The representative of the Commissioner who made the determination testified at the hearing that in making his determination—

The fact was considered of the nature of the business, character of the management, the financial condition of the company, its earnings, both in the past and prospective; the fact that the business on its books at the time was greatest in the corporation's history, that it had increased its plant capacity immediately prior to that time by from fifty to sixty per cent, thus increasing its potential earning capacity. On that basis earnings at the rate of approximately $300,000 a year, plus, enabled the company to pay dividends at the rate of $150,000 a year. * * *

The situation of the taxpayer at December 31, 1920, was most unusual. During the year 1920 it secured contracts for the building of 15 paper-making machines at a total price of $4,030,551.80. In accordance with its custom, the taxpayer had collected more than 40 per cent of the purchase price from the purchasers. There was therefore no possibility of a cancellation of the contracts. Prices of materials were falling at the close of 1920, and this falling of prices was greatly to the benefit of the taxpayer. There was every prospect that the taxpayer would at least have two or three very profitable years following 1920, and this was without regard to whether it secured contracts for the building of any more paper-making machines. The prospective profits on the uncompleted contracts at December 31, 1920, unquestionably amounted to several hundred dollars per share of stock.

From a consideration of the entire record we are of the opinion that the evidence before us warrants a finding that the fair value of the shares of stock of The Bagley & Sewall Company owned by Grace S. Stebbins at her death was not less than $1,725 per share. It will be noted, however, that the amount of stock owned by her

was 1144¼ shares, instead of 1144½ shares, the amount returned. Adjustment of the amount of the deficiency should be made to correct this error.